OPINION
On June 27, 2000 the Bands Company, Inc. (Bands) donated certain land to Monroe Township. Appellants' brief states (p. 3) that it was donated for road purposes. While this may have been the intention, the deed does not so recite.
In any event, the trustees, without following statutory procedure, began construction of a road across the donated land.
Appellees filed this action to halt such construction, to which the parties agreed and the court ordered statutory compliance.
The township board then submitted the matter appropriately to the county commissioners which declared the land dedicated for public purposes.
None of these aforementioned facts are further involved in this appeal.
The matters before the trial court, by agreement of the parties related to the following three issues:
 1. Whether a petition must be submitted to, and whether a subsequent resolution must be passed by, the Monroe Township Board of Trustees before they may commence construction of the road.
 2. If a petition is necessary, from whom must the petition be submitted and in what form must the petition be proposed.
 3. In what manner must the Trustees, pursuant to state law, assess the cost of the road at issue in this case.
The court issued its decision on the briefs, without evidence presented.
As to the first issue, this court is not required to review the court's decision as it was based upon the agreement of the parties as to the statutory provisions.
The Assignments of Error before this court are:
 I. THE TRIAL COURT'S DECLARATION THAT A MAJORITY OF TOWNSHIP TRUSTEES CANNOT SUBMIT A PETITION FOR ROAD CONSTRUCTION UNDER R.C. § 5571.07 AS THE OWNERS OF THE RIGHT TO MINE COAL LYING UNDER THE PROPOSED ROAD IS INCORRECT AS A MATTER OF LAW.
 II. THE TRIAL COURT'S DECLARATION THAT A MAJORITY OF TOWNSHIP TRUSTEES CANNOT APPORTION SOME OR ALL OF THE COSTS OF ROAD CONSTRUCTION TO THE TOWNSHIP'S ROAD IMPROVEMENT FUND IS INCORRECT AS A MATTER OF LAW.
 III. THE TRIAL COURT'S DECLARATION THAT BANDS MUST BE ASSESSED THE FULL COST OF CONSTRUCTING THE ROAD AS THE ABUTTING LANDOWNER MISINTERPRETS R.C. § 5573.07(A) AND IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
 I.
Revised Code § 5571.07 in pertinent part provides:
 § 5571.07 Petition by landowners and mine operators; duties of township trustees; bond.
 When a petition, signed by at least fifty-one per cent of the landowners or lot owners, residents of the county, who are to be specifically taxed or assessed for such improvement as provided in this section, or signed by the owner of the right to mine coal lying under or adjacent to the proposed improvement. . . The petition shall state the method of paying the compensation, damages, and costs of the improvement desired by the petitioners, who may request that the same be apportioned and paid in any one of the methods provided by section 5573.07
of the Revised Code, provided, that if a petition signed by the owner of the right to mine coal lying under or adjacent to the proposed improvement, is filed with a board of township trustees as provided in this section, such petitioner shall pay costs and expenses incurred by such board in connection with the proceedings initiated by such petition,. . .
Appellants assert that, due to the ownership of the roadway land, by the township trustees, including minerals lying thereunder, such board is entitled to mine coal, if desired, and therefore such falls under the category of an entity entitled to sign a petition.
As no evidence was presented, it is unknown as to whether any coal even exists under the roadway.
The trial court disagreed with appellants and took the position that R.C. § 5571.07 referenced landowners and mine operators.
This court agrees with the trial court and rejects appellant's First Assignment of Error.
While it is true that the language contained in the body of the statute does not specifically refer to "mine operators" and that the heading of the statute is not part of the statute itself (R.C. § 1.01), it has been held that :
 Recognizing that the caption does not control the subject matter of the statute, `it is proper to look to the title to ascertain the legislative purpose and intent'. (Commercial Credit Co. v. Schreyer, 120 Ohio St. 568 at page 574, 166 N.E. 808 at page 810), and in State v. Glass, 27 Ohio App.2d 214, (5/12/71) at page 216, 273 N.E.2d 893, at page 895 the Court said:
 `Consideration of the title is especially proper where as in Ohio * * * there is a constitutional provision that no bill *36 shall contain more than one subject, which shall be clearly expressed in the title.'
To assert that the legislative intent was otherwise would permit any fee owner, not the fifty-one or more percent referenced in R.C. §5571.07 to claim coal ownership and sign the petition alone.
 II, III
The Second and Third Assignments of Error are intertwined and will be addressed together. The trial court referred to R.C. § 5573.07 which states:
 § 5573.07 Apportionment of compensation, damages, and costs; payment.
 The compensation, damages, and costs of township road improvements shall be apportioned and paid in any of the following methods, as set forth in petition:
(A) Any part thereof shall be assessed against:
(1) The real estate abutting upon said improvement;
 (2) The real estate situated within one-half mile of either side thereof;
 (3) The real estate situated within one mile of either side thereof, according to the benefits accruing to such real estate;
(B) Any balance shall be paid:
 (1) From the proceeds of any levy for road purposes upon the grand duplicate of all the taxable property in the township;
 (2) From any funds in the township treasury available therefore.
The court then stated that :
 "the statute unambiguously states that the cost of township road improvements shall be assessed, in the first instance against the real estate abutting said improvement."(emphasis added)
The statute does not state that any preference is to be applied to the listings thereunder but states:
 "shall be apportioned in any of the following methods"
Therefore, the determination as to chargeability of costs is to be made by the trustees among the choices provided by R.C. § 5573.07.
Also, the trial court concluded without evidence of record that Bands would be constructing a housing development and would be the primary beneficiary of the road. While this may occur, R.C. § 5573.07 only refers to benefits accruing to the real estate when the trustees select (A)(3) as the cost provider, to wit: real estate within one mile of either side.
We therefore agree with the Third Assignment of Error and determine that the trustees and not the court shall conclude which part of the cost shall be from (A)(1)(2) or (3) and the balance, if any, from (B)(1) or (2) depending on the method stated or requested in the petition.
As R.C. § 5573.07 places such determination on the trustees, the balance not allocated under (A)(1)(2) or (3) can be charged to any levy for road purposes or to any available township funds under (B)(1) or (2).
The Second Assignment of Error rests on the trial court's conclusion that a unanimous vote is required to charge costs to a road levy.
While R.C. § 5571.15 does require a unanimous vote of the trustees for township road construction, this statute is speaking of action taken when no petition has been filed.
Since R.C. § 5573.07 does not speak of unanimous consent of the trustees except when acting without a petition, this court must conclude that a majority is sufficient if a petition is filed requesting allocation of part of the costs under R.C. § 5573.07(B)(1) to an existing road levy.
Therefore this court affirms in part and reverses in part the decision of the trial court and remands this cause for appropriate action in accordance herewith.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Holmes County, Ohio, is affirmed in part and reversed and remanded in part. Costs to be divided equally by Appellants and Appellees.
Boggins, J., Edwards, P.J. and Wise, J. concur.